UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ALBERT OLE PETERSON,

                Plaintiff,

vs.

NATIONAL SECURITY
TECHNOLOGIES, A Delaware
Corporation,

                Defendant.

No. CV-12-5025-TOR

ORDER GRANTING STIPULATED
RECIPROCAL PROTECTIVE
ORDER REGARDING
CONFIDENTIAL INFORMATION

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Parties' Joint Motion for Entry of a Reciprocal Protective Order Regarding Confidential Information is GRANTED.

Accordingly, IT IS HEREBY ORDERED as follows:

Pursuant to FRCP 26(c), the parties through their respective counsel agree and stipulate that good cause exists to protect the plaintiff Albert Ole Peterson ("Peterson"), and defendant National Security Technologies ("NSTec"), and

ORDER GRANTING STIPULATED
RECIPROCAL PROTECTIVE ORDER- 1

non-parties from improper disclosure/publication, annoyance, undue burden and expense from the public disclosure of Confidential Information.

1.      Any party to this litigation may designate as "Confidential" documents, materials and/or information produced by the party or a third party that the party reasonably considers to be private, confidential, trade secret, commercially sensitive, and/or proprietary in nature or involving other privacy rights or interests ("Confidential Information"). The designating party has the burden of establishing that a document is "Confidential."

2.      Any Confidential Information designated as "Confidential" shall not be disclosed, published, disseminated, utilized, exploited or otherwise used in any manner whatsoever other than exclusively for purposes of this litigation and any appeals therefrom.

3.      The parties shall not disclose Confidential Information designated "Confidential" except to the following: (a) the current parties to this litigation; (b) the Court, and jury under such limitations as the Court may determine; (c) counsel for the current parties (including staff employed by counsel); and (d) witnesses at deposition or trial; (e) consulting or trial expert witnesses employed by counsel of record for the current parties who agree in writing to be bound by the terms of this Stipulation and Agreed Reciprocal Protective Order by executing a Confidentiality Agreement  in the following form:

ORDER GRANTING STIPULATED
RECIPROCAL PROTECTIVE ORDER- 2

## CONFIDENTIALITY AGREEMENT

I have read the attached Stipulation and Agreed Reciprocal Protective Order entered in this action and dated _____, 2012. I agree to be bound by the terms of the Stipulation and Agreed Reciprocal Protective Order, and will not reveal the Confidential Information to any person or entity other than as allowed by the Stipulation and Agreed Reciprocal Protective Order.

I certify under penalty of perjury that the foregoing is true and correct.

DATED this _____ day of _____, 2012, at

_____, _____.

[Name]


[Signature]

4.       Prior to disclosing any Confidential Information to any person enumerated above, counsel must first inform each such person orally or in writing that the Confidential Information to be disclosed has been designated "Confidential" pursuant to a Protective Order, that the Confidential Information must be kept confidential and may only be used for the purposes of this litigation, and also of the restrictions imposed by this Stipulation and Agreed Reciprocal Protective Order entered by the Court. The persons granted access to any such Confidential Information shall not reveal or disclose the contents of the Confidential Information for any purposes, including, without limitation, any

business, professional or commercial purpose, other than those directly relating to this litigation. All such persons shall read this Stipulation and Agreed Reciprocal Protective Order or be advised by counsel as to its contents, and shall agree to be bound by its terms. As noted above, all third parties (excluding witnesses), including consultants or experts and their staff, who are to be given access to any Confidential Information shall first execute a Confidentiality Agreement in the form referenced in this Stipulation and Agreed Reciprocal Protective Order acknowledging that they agree to be bound by the terms of this Stipulation and Agreed Reciprocal Protective Order and will not reveal the Confidential Information to any person or entity other than as allowed by this Stipulation and Agreed Reciprocal Protective Order. Upon request by a party, the other party shall provide a copy of the written notification or Confidentiality Agreement to any person made in order to comply with this paragraph.

   5.   If any party to this lawsuit believes that any documents it discloses or produces during discovery are Confidential Information, that party shall designate such documents as Confidential by marking in a clear, obvious, and permanent manner that identifies the documents as Confidential. The marking shall not obstruct or interfere with the substance of the information on each page of a Confidential document. Testimony shall be designated Confidential and subject to the provisions of this order at the time it is made, or as soon as

ORDER GRANTING STIPULATED
RECIPROCAL PROTECTIVE ORDER- 4

practicable, but no later than 15 business days from the receipt of any transcript of the testimony.

6.    If a party intends to quote or attach Confidential Information in any filing with this Court or any Appellate Court (including, without limitation, any pleading, affidavit, declaration, brief, memorandum, appendix, or deposition transcript), then that party shall give four business days notice of such intent to all other parties to provide an opportunity to agree to or to file a motion to seal or redact such filing.

7.    Approval of this Stipulation and Agreed Reciprocal Protective Order by counsel shall not be construed as an agreement or admission by any party that any documents produced pursuant to this Stipulation and Agreed Reciprocal Protective Order are relevant or material to any issues in this case, or as a waiver of any privilege or right of privacy with respect thereto.

8.    Any party may dispute the "Confidential" designation of any Confidential Information designated Confidential by filing a motion for a Court determination of Confidentiality if the parties are unable to resolve a dispute regarding a party's designation of Confidentiality. No disclosure shall be made of any Confidential Information designated Confidential until such time as the matter is determined by the Court.

9.      No later than three years following the conclusion of this case, including any appeals there from, the parties, their counsel, and all persons or entities in possession of Confidential Information shall either destroy or return all such Confidential Information to counsel producing them, shall not keep any copies thereof, and shall assure opposing counsel, in writing, that all such Confidential Information has been returned or destroyed.

10.     All Confidential Information that any party intends to use at trial, except for purposes of impeachment, shall be specifically identified and disclosed to opposing counsel no later than 30 days before trial so that appropriate protection against publication or dissemination at trial may be sought by agreement of counsel for the parties or by motion to the Court for protection including to seal or redact.

11.     The failure to insist upon full compliance with any of the terms of the Protective Order in any instance shall not be deemed to be a waiver of the right to insist upon full compliance with those terms thereafter.

12.     The parties agree that the inadvertent production of privileged material shall not result in the waiver of any associated privilege nor result in a subject matter waiver of any kind. Both parties agree to return any privileged material disclosed immediately upon notice of the inadvertent disclosure or upon an independent determination that privileged material has been disclosed.  The

ORDER GRANTING STIPULATED
RECIPROCAL PROTECTIVE ORDER- 6

parties agree that no copies will be made of the disclosed privileged materials and that the privileged materials shall not be used as evidence.

**DATED** this 20th day of August, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER GRANTING STIPULATED
RECIPROCAL PROTECTIVE ORDER- 7