Law Office of Jeffrey L. Needle
119 First Avenue S Suite 200
Seattle, Washington 98104
Telephone: (206) 447-1560
Fax: (206) 447-1523
Attorney for Plaintiff

The Honorable Thomas O. Rice

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| ALBERT OLE PETERSON,<br><br>   Plaintiff,<br><br>v.<br><br>NATIONAL SECURITY TECHNOLOGIES,<br>a Delaware corporation,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. CV-12-5025-TOR

PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT

NOTED FOR HEARING ON
APRIL 19, 2012, 1:30 P.M.
WITH ORAL ARGUMENT

Plaintiff's Motion for Summary Judgment - 1

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. STATEMENT OF FACTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. ARGUMENT OF COUNSEL  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.  Summary Judgment Standard -
    Plaintiff Chooses the Motivating Factor Model . . . . . . . . . . . . . . . . . . . 4

    B. Title 42 U.S.C. Section 1981 States a Claim for Retaliation . . . . . . . . . 6

        1. Elements of opposition retaliation - federal law . . . . . . . . . . . . . 6

        2. Elements of opposition retaliation - state law . . . . . . . . . . . . . . 7

        3. Section 1981 protects Caucasian employees alleging
        Retaliation for opposing racial discrimination  . . . . . . . . . . . . . . . . 8

    C.  Plaintiff Was Engaged In "Opposition" Protected Activity . . . . . . . . . . 8

        1. Plaintiff reasonably believed the racist email was a violation
        of law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        2. A motivating factor in the decision to terminate plaintiff
        was his report of the racist email . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        3. The allegation of fraud, waste, and abuse was not a reason
        for termination  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        4. Plaintiff's alleged ulterior motive is not an issue  . . . . . . . . . . . 11

    D.  The Manner of Plaintiff's Opposition Is Not a Defense
    to Illegal Retaliation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Plaintiff's Motion for Summary Judgment - 2

**JEFFREY L. NEEDLE**
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington  98104
(206) 447-1560 fax (206) 447-1523

        1.  The defendant failed to plead this affirmative defense -
        it's waived . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        2.  The manner of plaintiff's opposition did not interfere
        with his job performance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

   E.  The Defendant's Reason for Termination is Pretextual
   as a Matter of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

   F.  Summary of Argument - All Elements of Retaliation Are Satisfied
   as a Matter of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

        1.  Plaintiff was engaged in protected activity which was a
        motivating factor in the decision to terminate his employment . . . . 21

        2.  Plaintiff's opposition conduct did not interfere with
        job performance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

        3.  Evidence of pretext is overwhelming . . . . . . . . . . . . . . . . . . . . 22

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Plaintiff's Motion for Summary Judgment - 3

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington  98104
(206) 447-1560 fax (206) 447-1523

# I. INTRODUCTION

Plaintiff filed suit on or about February 27, 2012, alleging that he was wrongfully discharged from employment in retaliation for having reported a racist email depicting Michelle Obama, the First Lady, as Cheetah the monkey from the Tarzan story. Plaintiff alleged violations of 42 U.S.C. Section 1981 and RCW 49.60 *et seq.* Trial is scheduled for June 6, 2013.

Because there exists no genuine issue of material fact, the Court should rule that liability for wrongful discharge is established as a matter of law under both state and federal law. The Defendant has raised two affirmative defenses of consequence: failure to mitigate damages and after acquired evidence. Both affirmative defenses relate to damages and are not addressed in this motion.

# II. STATEMENT OF FACTS

Plaintiff relies upon the Statement of Material Facts filed in support of this motion.

# III. ARGUMENT OF COUNSEL

## A. Summary Judgment Standard - Plaintiff Chooses the Motivating Factor Model.

Recent developments in federal law allows Plaintiff to choose between the *McDonnell Douglas* shifting burden model and the motivating factor model for

Plaintiff's Motion for Summary Judgment - 4

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

deciding summary judgment motions. *Dominguez-Curry v. Nevada Transp. Dept.* 424 F. 3d 1027, 1037 (9th Cir. 2005 ("In responding to a summary judgment motion in a Title VII disparate treatment case, a plaintiff may produce direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the defendant's decision, *or* alternatively may establish a prima facie case under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*")(emphasis original). *See also Metoyer v. Chassman*, 504 F.3d 919, 931 (9th Cir.2007) (stating that a plaintiff suing under 42 U.S.C. § 1981, like a plaintiff bringing a suit for disparate treatment, may proceed under the McDonnell Douglas framework or by producing direct or circumstantial evidence showing that a discriminatory reason "more likely than not" motivated the employer).

Plaintiff in this case chooses the motivating factor model. To establish a violation of Section 1981, Plaintiff must prove by a preponderance of the evidence, either direct or circumstantial, that retaliation played a motivating factor in the decision making process. *Costa v. Desert Palace, Inc.,* 299 3d 838, 846 (9th Cir. 2002)(en banc). Once a plaintiff proves that retaliation played a motivating part in an employment decision, the defendant may avoid a finding of liability only by proving by a preponderance of the evidence that it would have made the same decision even if it had not taken the plaintiff's protected conduct into account. *Id.*

Plaintiff's Motion for Summary Judgment - 5

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

Proof of pretext is not required in the mixed motive model. *Stegall v. Citadel Broadcasting Co.,* 350 F.3d 1061, 1067 (9th Cir. 2003)("In mixed motive cases, . . . it does not make sense to ask if the employer's stated reason for terminating an employee is a pretext for retaliation, . . . . Rather, the relevant inquiry in a 'mixed motive' case is distinct from that of a 'single motive' or pretext case").

**B. Title 42 U.S.C. Section 1981 States a Claim for Retaliation.**

42 U.S.C. § 1981 guarantees "all persons" the right to 'make and enforce contracts.'" 42 U.S.C. § 1981(a). The jurisprudential development of 42 U.S.C. Section 1981 is *exhaustively* examined from its inception by the Court in *Doe v. Kamehameha Schools/Bernice Pauahi Bishop*, 416 F. 3d 1025 (9th Cir. 2005). "When analyzing § 1981 claims, we apply "the same legal principles as those applicable in a Title VII disparate treatment case." *Metoyer v. Chassman,* 504 F.3d 919, 930 (9th Cir. 2007).

There exists two different prongs of a retaliation cause of action under Section 1981 or Title VII; "opposition" and "participation." *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997). In this case, Plaintiff was engaged in opposition activity.

**1. Elements of opposition retaliation - federal law.**

To establish retaliation under federal law, Plaintiff must prove that: (1) Plaintiff engaged in a protected activity; (2) Plaintiff suffered an adverse employment

Plaintiff's Motion for Summary Judgment - 6

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

decision; and (3) there was a causal link between Plaintiff's activity and the adverse employment decision. *Hashimoto,* 118 F.3d at 679. *See also Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (discussing elements of retaliation claim); *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003) (stating elements of prima facie case of wrongful discharge). If Plaintiff satisfies this burden, the Defendant can succeed only by proving that it would have taken the same adverse action even in the absence of the protected activity. *Stegall v. Citadel Broadcasting Company,* 350 F. 3d 1061, 1068 (9th Cir. 2003), *citing Costa v. Desert Palace,* Inc., 299 F. 3d 838, 848 (9th Cir. 2002).

## 2. Elements of opposition retaliation - state law.

To establish retaliation under Washington State law, the standard is essentially the same except that Plaintiff must establish that retaliation was a "substantial factor" as opposed to a "motivating factor," *and no affirmative defense applies. See Mackay v. Acorn Custom Cabinetry,* 127 Wn.2d 302, 898 P.2d 284 (1995)(Justice Madsen dissenting because of Court's failure to apply federal affirmative defense); WPI 330.01.01 ("To recover, plaintiff has the burden of proving that [his protected activity]was a substantial factor in defendant's decision [to terminate]. Plaintiff does not have to prove that [protected activity] was the only factor or the main factor in the decsion, or that plaintiff would have been retained but for his [protected status]").

Plaintiff's Motion for Summary Judgment - 7

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

### 3. Section 1981 protects Caucasian employees alleging retaliation for Opposing racial discrimination.

In *Doe v. v. Kamehameha Schools*, the Court acknowledged that Section 1981 was intended to protect White persons as well as those of color. 416 F. 3d at 837. *See also Maynard v. City of San Jose*, 37 F.3d 1396, 1403 (9th Cir.1994)( "Maynard is not suing on behalf of anyone else. He asserts his own right to be free from retaliation, alleges injuries that are personal to him, and is the only effective plaintiff who can bring this suit."); *RK Ventures, Inc. v. City of Seattle*, 307 F. 3d 1045, 1055 (9th Cir. 2002)("But plaintiffs who are not members of the protected class have standing to challenge racially discriminatory conduct in their own right when they are the direct target of the discrimination"); *Davidson v. Korman, Dist. Court,* **(cite)**. (ED Cal. 2010)("Claims of retaliation may be asserted by white plaintiffs who oppose discriminatory practices directed towards any race."), *citing Maynard v. City of San Jose,* 37 F.3d 1396, 1403 (9th Cir. 1994).

### C. Plaintiff Was Engaged In "Opposition" Protected Activity.

### 1. Plaintiff reasonably believed the racist email was a violation of law.

To succeed on a retaliation claim, the plaintiff need not show "that the employment practice [he opposes] actually [was] unlawful; opposition thereto is protected when it is based on a reasonable belief that the employer has engaged in an

Plaintiff's Motion for Summary Judgment - 8

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

unlawful employment practice." *Little v. Windermere Relocation, Inc.,* 301 F.3d 958, 969 (9th Cir. 2002). *See also Moyo v. Gomez,* 40 F.3d 982, 984 (9th Cir. 1994)("opposition clause protection will be accorded whenever the opposition is based on a reasonable belief that the employer has engaged in an unlawful employment practice"); *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 506 (9th Cir. 2000) ("Title VII allows employees to freely report actions that they reasonably believe are discriminatory, even if those actions are in fact lawful"). There is no dispute in this case that Plaintiff reasonably believed that the distribution of the racist email was discriminatory and a violation of law. SOF 20. Indeed, the Defendant terminated Mr. Folle for having sent it. SOF 5, 39.

### 2. A motivating factor in the decision to terminate plaintiff was his report of the racist email.

It is undisputed that on September 20, 2011, Folle sent a racist email to Gerrerro, SOF 15, and that Peterson was present when the email was opened, SOF 18-19, and that he ultimately retrieved it and gave a copy of Frank Christian, who in turn reported it to Human Resources. SOF 29-35. Thereafter, Folle was forced to resign for having sent the email. SOF 5,39. In their answers to interrogatories, the Defendants admit that the reason for Plaintiff's termination was his "involvement in the recent resignation of a former Course Director, Richard M. Folle." SOF 75.

Plaintiff's Motion for Summary Judgment - 9

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

On November 17, 2011, a Discipline Action Review Board ("DARB") was held to consider Peterson's termination. SOF 65. The DARB notes reflect that there were two concerns: 1) "whether Peterson's motive for revealing the email accelerated the departure of his co-worker Richard M. Folle for personal gain;" 2) whether Peterson was guilty of "fraud, waste and abuse." The notes reflect that the first concern was investigated by Employee Relations ("ER"), and the second concern was investigated by internal auditor, Jay Dickerman. SOF 67, 43. The DARB voted unanimously to recommend Peterson's termination. Dr. Younger, the President of NSTech, was the final decision maker based exclusively upon the oral representation of Mr. Andriessen. SOF 71-73.

### 3. The allegation of fraud, waste, and abuse was not a reason for termination.

An allegation of waste, fraud, and abuse, unrelated to the email, was assigned for investigation to Jay Dickerman on November 1, 2011. SOF 43, 84. In reference to these allegations, Dickerman concluded that Peterson was never interviewed, the allegations of Guerrero were not credible, and there was no evidence of fraud, waste and abuse by Peterson. SOF 84-93. Dickerman's report was not completed until January 24, 2011. SOF 94.

The allegation of financial fraud against Plaintiff was not a motivating factor

Plaintiff's Motion for Summary Judgment - 10

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

in the decision to terminate.  When asked in written discovery about allegations that Plaintiff defrauded or submitted false expense vouchers, the Defendant objected on the grounds that those allegations "were not the basis for Plaintiff's termination." SOF 76.  Chisholm considered the allegations of fraud, waste, and abuse a "side bar," and he wanted Peterson terminated anyway.  SOF 70.  The Defendant continued to admit that allegations of financial misconduct played no part in the decision to terminate Plaintiff's employment.  SOF 43,67-70,77.  For the purpose of this motion only, Plaintiff assumes the truth of that assertion.  Because the substance of Dickerman's investigation and report are unrelated to the issue of liability, they are not addressed in detail in this motion.

### 4. Plaintiff's alleged ulterior motive is not an issue.

The Disciplinary Action Review Board (DARB) considered two allegations (excluding fraud, waste and abuse) as a basis for terminating Mr. Peterson; his alleged ulterior motive to secure his own job, and that he reported the racist email to Christian (outside the chain of command) instead of directly reporting it to Human Resources.  Neither is sufficient as a matter of law.

The Defendant asserts that Plaintiff's true motive in reporting the email was to secure his employment by getting Mr. Folle terminated.  SOF 64.  Plaintiff denies that he had any ulterior motive for reporting the email.  SOF 21.  Mario Guerrero insists

Plaintiff's Motion for Summary Judgment - 11

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

to the contrary.  SOF 40, 46.  But this factual dispute is irrelevant because Plaintiff's motive for reporting the email is irrelevant to his protected status, and his alleged ulterior motive was not a but for cause of his termination.

The Defendant's witnesses have repeatedly admitted that, regardless of Plaintiff's motive for reporting the email, he would not have been terminated from employment if he had delivered the email directly to Human Resources instead of Frank Christian.  SOF 78.  In other words, the Defendant admits that Plaintiff's alleged ulterior motive was not a "but for" cause of his termination.  The same decision affirmative defense otherwise available (under federal law only) therefore does not apply as a matter of law in reference to the ulterior motive allegation.

Moreover, no authority exists for the proposition that the subjective motivation for an employee's opposition activity is defense to liability.  In retaliation cases, the relevant question is the employer's motive in taking adverse action, and not the employee's motive for reporting it.  *Jones v. TCI Cablevision of Utah, Inc.*, 221 F.3d 1352, par. 15 (10th Cir. 2000)("[T]o defend against plaintiff's claim of retaliatory discharge, TCI had only to show that its own motives were not retaliatory in nature. Plaintiff's motivation for his own conduct was of little, if any, relevance to TCI's defense"); *Byle v. Anacomp, Inc.*, 854 F. Supp. 738, 747 (D. Kansas 1994) ("The court finds, however, that plaintiff has produced evidence that she had a good faith

Plaintiff's Motion for Summary Judgment - 12

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

belief she was reporting illegal activity such that this court is precluded from finding an improper motive as a matter of law").

Although the Defendant takes issue with the "manner" in which Plaintiff expressed his opposition to discriminatory practices, his motive is irrelevant.  It is undisputed that Christian was only a conduit for the purpose of reporting the email to management.  There is no dispute that Mr. Peterson intended Mr. Christian to report the racist email to Human Resources, and that management knew Mr. Peterson's purpose before he was terminated from employment. SOF 24, 25, 26, 27, 35. Ms. Bell admits that she was told by Christian that Peterson gave her the email because he was offended and upset about it and knew that Christian would report it to management.  SOF 51,53.

**D. The Manner of Plaintiff's Opposition Is Not a Defense to Illegal Retaliation.**

The essence of the Defendant's defense is that they terminated Plaintiff because he violated company policy when he reported the racist email "outside the chain of command" to Mr. Christian instead of directly to Human Resources, and that this is a legitimate reason which strips Plaintiff of his protected status.  The Defendant is wrong as a matter of law.

Under federal and state law it is an affirmative defense to retaliation that the manner of opposition conduct significantly disrupted the workplace or directly

Plaintiff's Motion for Summary Judgment - 13

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

hindered job performance. To succeed with this affirmative defense, federal law requires the employer to prove that "plaintiff's protest activities significantly disrupted the workplace and sometimes directly hindered his or her job performance." *EEOC v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1014-15 (9th Cir.1983). *See also Selberg v. United Pacific Ins. Co.*, 45 Wn.App. 469, 472-73, 726 P.2d 468 (1986)("In summary, proof of disloyalty is insufficient by itself to serve as an independent, nondiscriminatory basis for Selberg's dismissal, and there is no objective evidence to support a conclusion that his conduct was 'so excessive' as to interfere with his job performance"). The defendant has the burden of proof to establish that this defense applies. *See Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346, 1354 (9th Cir. 1984)("The defendant employer is responsible for introducing evidence at trial that a plaintiff's actions were unprotected"); *Johnson v. Multnomah County*, 48 F.3d 420, 422 (9th Cir.)("The employer bears the burden of proving that the balance of interest weighs in its favor"), *cert. denied*, 115 S.Ct. 2616 (1995).

## 1. The defendant failed to plead this affirmative defense - it's waived.

In this case, the Defendant had an additional nine months to include this affirmative defense in its Answer, but failed to do so. *See* Amended Answer, ECF 47. That failure is sufficient to remove it from consideration. Fed.R.Civ.Pro. 8(c)(1). Even addressing the merits of the affirmative defense, there is not a scintilla of

Plaintiff's Motion for Summary Judgment - 14

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

evidence to support it.

### 2. The manner of plaintiff's opposition did not interfere with his job performance.

The rule that an employee's opposition to discrimination can not interfere with job performance began with *Hochstadt v. Worcester Foundation for Experimental Biology, Inc.,* 545 F.2d 222 (1st Cir.1976). *Hochstadt* involved a research biologist who raised havoc in her laboratory for three years and then protested her termination on Title VII grounds. In the face of Hochstadt's obstreperous behavior over a prolonged period of time, the court upheld her termination as legitimate and nondiscriminatory. *Id.* at 233.

Subsequent case law has refined and qualified the rule in *Hochstadt.* "*Hochstadt* must be read narrowly lest legitimate activism by employees asserting civil rights be chilled." *Wrighten v. Metropolitan Hospitals, Inc.,* 726 F.2d 1346, 1355 (9th Cir. 1984). The defense only applies when the protected activity directly interferes with job performance. *Mackowiak v. University Nuclear Systems, Inc.,* 735 F. 2d 1159, 1164-65 (9th Cir.1984) ("We stated recently that the 'true basis' of *Hochstadt* is that an employer may discharge employees who let protest activities interfere with their job performance . . . .There is no contention that Mackowiak's protected conduct impaired his competence as an inspector"); *Nelson v. Pima*

Plaintiff's Motion for Summary Judgment - 15

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

*Community College*, 83 F.3d 1075, 1080 (9th Cir.1996) (employee "refused to perform her duties in accord with her instructions, did things she was prohibited from doing...."); *O'Day v. McDonnell Douglas Helicopter Co.,* 79 F.3d 756, 763-64 (9th Cir.1996) (an employee's opposition activity must be reasonable in view of the employer's interest in maintaining a harmonious and efficient operation).

Likewise, under state law the opposition conduct must be in and of itself disruptive to the working environment and excessive. In *Selberg v. United Pacific Ins. Co.*, 45 Wn.App. 469, 726 P.2d 468 (1986), the Court ruled that when an employee's conduct in opposition so interferes with job performance that it renders the employee ineffectual in the job, the conduct is not protected. *Id.* at 472. In *Selberg,* the Court focused on the employees excessive conduct in gathering evidence as the central issue. *Id.* The Court in *Selberg* distinguished *Hochstadt:* "Consequently, cases following *Hochstadt* have stressed interference with job performance in determining whether opposition conduct was 'unreasonable' and provided a legitimate basis for discharge." *Id. Citing EEOC v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1015 (9th Cir.1983).

In this case, the Defendant alleges that it lost confidence in Plaintiff's leadership because he gave the email directly to Mr. Christian. SOF 79,82. But as a matter of law such subjective reasons are insufficient to strip an employee of his

Plaintiff's Motion for Summary Judgment - 16

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

protected status.

> There is no evidence, however, that Selberg's work performance was in any way inadequate or had diminished, that his "opposition activities" were disruptive or detrimental to employee morale, or that he had become ineffective as a company vice-president, save Mackie's subjective opinion. In summary, proof of disloyalty is insufficient by itself to serve as an independent, nondiscriminatory basis for Selberg's dismissal, and there is no objective evidence to support a conclusion that his conduct was "so excessive" as to interfere with his job performance. Citation omitted.

*Selberg v. United Pacific Ins. Co.*, 45 Wn.App. at 472-73. *See also Liu v. Amway Corporation*, 347 F.3d 1125, 136 (9th Cir. 2003)("Where termination decisions rely on subjective evaluations, careful analysis of possible impermissible motivations is warranted because such evaluations are particularly "susceptible of abuse and more likely to mask pretext"); *Warren v. City of Carlsbad,* 58 F.3d 439, 443 (9th Cir. 1995)("We have previously stated that 'subjective practices are particularly susceptible to discriminatory abuse and should be closely scrutinized'"); *Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1142 (9th Cir. 2001) ("[T]he subjective nature of these criteria provides further circumstantial evidence that SRP denied Bergene the promotion as a form of retaliation, rather than because of DeGraff's superior qualifications").

In this case, the Defendant admits that Peterson was a "good course director." SOF 80. When asked at the DARB meeting (held to consider termination) if there

Plaintiff's Motion for Summary Judgment - 17

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

were other issues concerning Peterson's performance, Chisholm stated only that "he was not happy that Peterson did not bring things up the chain-of command and instead he went down the chain." SOF 68. There is no evidence that reporting the email outside the chain of command was disruptive in any way to the Defendant's business. There were no complaints about plaintiff from co-workers, students, vendors, or management. SOF 83. There is no evidence that he refused to work or that his work was substandard. All of the Defendant's witnesses testified that Plaintiff's report of the email outside the chain of command had no impact on his ability to do his job. SOF 81. In the absence of such evidence, the fact that Plaintiff gave the email to Mr. Christian instead of Human Resources has no legal significance; it is not a defense to a claim of illegal retaliation.

Moreover, Peterson and others had repeatedly complained about Folle on numerous occasions, and no disciplinary action was ever taken. SOF 10-14. Peterson was concerned that management would once again "sweep it under the rug." SOF 26,27. Peterson gave the email to Christian instead of directly to HR in the belief that, given the nature of the email, the complaint would carry greater weight coming from an African American. SOF 28. While the Defendant may dispute Plaintiff's purpose for reporting the email outside the chain of command, it can not dispute that this conduct had no impact on his job performance, and that it did not disrupt its

Plaintiff's Motion for Summary Judgment - 18

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

business in any way.

### E. The Defendant's Reason for Termination is Pretextual as a Matter of Law.

Proof of pretext is not required by the motivating factor standard. *Stegall v. Citadel Broadcasting Co.,* 350 F.3d 1061, 1067 (9th Cir. 2003). Evidence of pretext is nevertheless relevant to assess whether an illegal reason was a motivating factor in the decision making process.

The Defendant argues that Plaintiff violated company policy which requires that a supervisor report prohibited conduct directly to Human Resources ("HR"). SOF 78. Plaintiff was terminated from employment not because he failed to report prohibited conduct, but because he reported the prohibited conduct to HR indirectly - outside the chain of command. SOF 75,78.

The same policy relied upon by the Defendant to justify Plaintiff's termination provides that all employees are required to report prohibited conduct to a supervisor or HR. SOF 16. It is not disputed that Guerrero not only failed to report the email, he deleted it, and actually attempted to frustrate Peterson's effort to report the email; he refused to retrieve it, and when it was retrieved he refused to print it. SOF 32. Andriessen, Young, Whitt, and Bell all agreed that Gerrero's failure to report the email was a violation of company policy. SOF 17. Unbelievably, even though it violated company policy, Bell stated that she would not have cooperated in the email

Plaintiff's Motion for Summary Judgment - 19

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

retrieval and would have refused to print it so that it could be reported. SOF 50.

Mr. Guerrero has received no discipline at all for his failure to report the racist email. SOF 59. Instead, Mr. Guerrero has been effectively promoted with greater responsibility and greater compensation. SOF 60. This is glaring evidence of pretext. If Mr. Peterson had simply declined to report the racist email at all, he (like Guerrero) would still be employed by the Defendant.

Moreover, racial jokes, slurs, and comments were commonplace at the workplace. SOF 54-56. Guerrero admitted in his deposition that he witnessed and participated in prohibited racial misconduct on a repeated basis. SOF 54-55. According to Guerrero, virtually all co-workers engaged in prohibited conduct routinely. Even though it violated company policy, he failed to report any of it because he wasn't offended. SOF 57,58.

Ms. Bell made no effort to learn of the routine use of racial slurs, comments and jokes at the workplace. SOF 61. Mr. Young, the H.R. Manager, would take no cognizance of it without a formal complaint. SOF 62. No one inquired about it at the DARB meeting. SOF 74. Even after Guerrero's deposition on October 31, 2012, there has been no discipline for Guerrero and no investigation about the racially hostile work environment he described under oath. SOF 63.

Employers have an affirmative obligation to eradicate discrimination from the

Plaintiff's Motion for Summary Judgment - 20

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

workplace. *See Albemarle Paper Co. v. Moody*, 422 U.S. 405, 417-18 (1975) (Congress designed the remedial measures in these statutes to serve as a "spur or catalyst" to cause employers "to self-examine and to self-evaluate their employment practices and to endeavor to eliminate, so far as possible, the last vestiges" of discrimination.); *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 381 1977) ("[I] t is important to bear in mind that Title VII is a remedial statute designed to eradicate certain invidious employment practices"). This Defendant's failure to investigate and/or take remedial action in the face of admitted violations of federal law constitutes a reckless disregard for federally protected rights.

**F. Summary of Argument - All Elements of Retaliation Are Satisfied as a Matter of Law.**

**1. Plaintiff was engaged in protected activity which was a motivating factor in the decision to terminate his employment.**

It is undisputed that on September 20, 2011, Folle sent a racist email to Gerrerro. SOF 15. It is undisputed that Plaintiff reasonably believed that distribution of the racist email was a violation of state and federal law; indeed it was. SOF 20-21. It is undisputed that Plaintiff gave the email to Frank Christian, an African American employee, with the understanding that it would be reported to management. SOF 24-27,34,35,51. It is undisputed that the email was reported to management, and that management knew at the time that the email was given to Mr. Christian from a

Plaintiff's Motion for Summary Judgment - 21

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

Course Director. SOF 29, 34. It is undisputed that Mr. Folle, who sent the email, was forced to resign for having sent it. SOF 39. It is undisputed that Plaintiff's alleged ulterior motivation for reporting the email (to make more secure his own employment) was not a "but for" cause of his termination from employment. SOF 78. Moreover, his motivation is not relevant to his protected status as a matter of law. Mr. Peterson was terminated for having reported the email outside the chain of command.

### 2. Plaintiff's opposition conduct did not interfere with job performance.

The Defendant asserts that Plaintiff violated company policy when he reported the email to Mr. Christian instead of Human Resources. But it is undisputed that this otherwise protected conduct: 1) did not interfere with Plaintiff's ability to do his job; 2) there were no complaints from co-workers, students, vendors or others; and 3) there is no showing that Defendant's business was disrupted in any way. SOF 80-83. No performance deficiencies unrelated to reporting the email outside the chain of command have been identified. As a matter of law, the Defendant's subjective assertion that it "lost confidence" in Plaintiff is insufficient to satisfy this affirmative defense.

### 3. Evidence of pretext is overwhelming.

Although not required to establish liability, the evidence of pretext in this case

Plaintiff's Motion for Summary Judgment - 22

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

is overwhelming. The exact same policy that was violated by Peterson was violated by Guerrero. It is not disputed that the distribution of the racist email was a violation of company policy, and all employees had an obligation to report it. SOF 17. Although Plaintiff violated company policy by reporting the prohibited conduct to the wrong person, Guerrero violated company policy by failing to report the prohibited conduct at all; he deleted the email and wouldn't cooperate in its retrieval. SOF 31,32, 45. Not only wasn't Guerrero disciplined, he was effectively promoted by being given greater responsibility and more money. SOF 59,60.

During the course of the litigation it came to light that Guerrero has been participating in a pattern and practice of racial harassment, SOF 54,55, and he didn't report any of it in violation of company policy. SOF 17, 57-58. Despite his sworn testimony, there has been no investigation or discipline in reference to his admitted misconduct. SOF 63-63a.

## IV. CONCLUSION

Summary judgment on the issue of liability in favor of Plaintiff should be GRANTED.

Respectfully submitted this 19 day of February, 2013.

Jeffrey Needle, WSBA #6346
Attorney for Plaintiff

Plaintiff's Motion for Summary Judgment - 23

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

<u>Declaration of Service</u>

I hereby certify that on February 19, 2013, I presented the foregoing Plaintiff's Motion for Summary Judgment to the Clerk of the Court through the CM/ECF system, for filing and uploading to the CM/ECF system, which will serve and send notification of such filing to the following:

James Kalomon
Shamus. T. O'Doherty
Paine Hamblen LLP
717 W Sprague Ave Ste 1200
Spokane, WA  99201-3505

DATED IN SEATTLE, WASHINGTON THIS 19th day of February, 2013.


_____
Kathleen Kindberg

Declaration of Service, No.  CV-12-5025-TOR - 24

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington  98104
(206) 447-1560 fax (206) 447-1523