UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALBERT O. PETERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL SECURITY TECHNOLOGIES, LLC,<br><br>        Defendant. | NO: 12-CV-5025-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER |

BEFORE THE COURT are Plaintiff's Motion to Reconsider (ECF No. 114) and Motion to Expedite (ECF No. 115). These matters were submitted without oral argument. The Court has reviewed the motions and is fully informed.

BACKGROUND

Plaintiff seeks reconsideration of the Court's denial of his motions for summary judgment on the issues of liability and Defendant's after-acquired evidence affirmative defense. In the alternative, Plaintiff asks the Court to certify

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ~ 1

its summary judgment rulings for immediate appeal. For the reasons discussed below, the motion will be denied.

## DISCUSSION

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Reconsideration is properly denied when a litigant "present[s] no arguments in his motion for [reconsideration] that had not already been raised [on] summary judgment." *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989).

Plaintiff argues that the Court clearly erred in (1) finding that there are genuine issues of material fact as to whether Plaintiff was engaged in protected opposition activity; (2) misapplying the law concerning opposition activity which causes significant workplace disruption; and (3) allowing Defendant's after-acquired evidence affirmative defense to go to the jury. Plaintiff asks the Court to reverse these rulings, or, in the alternative, to certify its order denying summary judgment for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

A. <u>Protected Activity</u>

As the Court indicated in its prior order, the dispositive inquiry for purposes of establishing protected activity in this case is whether Plaintiff held an objectively and subjectively reasonable belief that he was opposing a racially discriminatory employment practice. Contrary to Plaintiff's assertions, there is an abundance of evidence from which a jury could find that Plaintiff lacked such a belief. First, Plaintiff violated Defendant's discrimination reporting policy by reporting the racist email "down the chain" to a subordinate rather than "up the chain" to management or human resources. Second, Plaintiff deliberately provided the email to Frank Christian, a black employee who Plaintiff knew from prior experience would likely be offended by its contents. Third, Plaintiff provided the email to Christian with knowledge that Christian had previously complained about the sender of the email, Richard Folle, discriminating against him on the basis of race. Fourth, the email in question is patently racist.

Taken together, and when viewed in the light most favorable to Defendant, this evidence supports a finding that Plaintiff lacked a reasonable belief that he was opposing a racially discriminatory employment practice. Indeed, a reasonable jury could find that Plaintiff's actions were calculated to *perpetuate* the alleged discrimination rather than to oppose it. As the Court indicated in its prior order, Plaintiff's proffered reason for "reporting" the email through Christian is highly

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ~ 3

suspect. A jury must assess Plaintiff's credibility and decide whether he acted with an objectively and subjectively reasonable belief that he was opposing unlawful corporate discrimination.

### B. Significant Workplace Disruption

Once again, Plaintiff argues that there is no genuine issue of material fact concerning whether his manner of opposition significantly disrupted Defendant's workplace. Once again, the Court concludes that Plaintiff's argument is based upon a flawed premise: that impaired job performance is a prerequisite to termination due to significant workplace disruption.

The Court acknowledges that that *Hochstadt* "must be read narrowly lest legitimate activism by employees asserting civil rights be chilled," *Wrighten v. Metro. Hosps., Inc.*, 726 F.2d 1346, 1355 (9th Cir. 1984). Plaintiff's reading, however, is simply too narrow. Under *Hochstadt*, an employee's opposition activity is protected only if it is "reasonable in view of the employer's interest in maintaining a harmonious and efficient operation." *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 763 (9th Cir.1996); *Silver v. KCA, Inc.*, 586 F.2d 138, 141 (9th Cir. 1978); *E.E.O.C. v Crown Zellerbach Corp.*, 720 F.2d 1008, 1015 n. 4 (9th Cir. 1983); *see also Wrighten*, 726 F.2d at 1355 (under *Hochstadt*, courts must "balance the purpose of [§ 1981] to protect persons engaging reasonably in activities opposing . . . discrimination against Congress' equally manifest desire

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ~ 4

not to tie the hands of employers in the objective selection and control of personnel"). While impaired job performance may satisfy this standard, it is not the sole measure of unreasonable opposition. Conduct which violates an employer's legitimate corporate policies, for example, can also suffice. *See O'Day*, 79 F.3d at 763-64; *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1446 (9th Cir. 1985). To the extent that such conduct unreasonably interferes with the employer's interest in maintaining a harmonious and efficient operation, it is not protected. For the reasons cited in the Court's prior order, a jury must decide whether Plaintiff's conduct rose to that level in this case.

### C. After-Acquired Evidence Defense

Plaintiff's arguments on the after-acquired evidence issue are simply a reprise of his unsuccessful arguments on summary judgment. Specifically, Plaintiff argues that the after-acquired evidence defense is unavailable to an employer which discovers evidence of independent wrongdoing *before* the employee is terminated. Given the absence of published authority approving the use of the defense in this context, Plaintiff argues, the Court erred in denying him summary judgment on this issue.

The Court acknowledges that it has not discovered any published cases applying the after-acquired evidence defense in this unusual circumstance. Given that the defense is grounded in equitable principles, however, the absence of

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ~ 5

applicable precedent is not particularly important. *See McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 361 (1995) (recognizing that the equitable considerations triggered by an employer's discovery of independent wrongdoing will invariably "vary from case to case"). As the Court explained in its prior order, Plaintiff's approach to this issue completely ignores the equitable considerations addressed in *McKennon* and subsequent cases. For the reasons stated in the Court's prior order, Plaintiff is not entitled to summary judgment on this issue.

### D. Certification for Interlocutory Appeal

Certification of an interlocutory order under 28 U.S.C. § 1292(b) should be reserved for "extraordinary cases" in which immediate appellate review might obviate the need for protracted and expensive litigation; it must not be used to merely facilitate review of "difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). Although this case presents a handful of novel legal issues, the case itself is by no means "extraordinary." Plaintiff's motion for leave to file an interlocutory appeal is denied.

//

//

//

//

//

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Expedite (ECF No. 115) is **GRANTED**.

2. Plaintiff's Motion to Reconsider (ECF No. 114) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** May 2, 2013.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ~ 7