UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALBERT O. PETERSON,<br><br>       Plaintiff,<br><br>  v.<br><br>NATIONAL SECURITY TECHNOLOGIES, LLC,<br><br>       Defendant. | NO: 12-CV-5025-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR NEW TRIAL |

  BEFORE THE COURT is Plaintiff's Motion for Judgment as a Matter of Law (ECF No. 158). This matter was submitted for consideration without oral argument. The Court has reviewed the completed briefing and the record and files herein, and is fully informed.

## BACKGROUND

  Having failed to convince a jury that Defendant retaliated against him for opposing a racially discriminatory employment practice, Plaintiff seeks judgment as a matter of law on his state and federal retaliation claims. In the alternative,

ORDER DENYING PLAINTIFF'S POST-TRIAL MOTIONS ~ 1

Plaintiff requests that the Court grant him a new trial. For the reasons discussed below, the motion will be denied.

## DISCUSSION

Motions for judgment as a matter of law are governed by Federal Rule of Civil Procedure 50. Under Rule 50(b), a party may renew an unsuccessful motion for judgment as a matter of law within 28 days of the entry of an adverse judgment. In ruling on such a motion, the court may (1) affirm the entry of judgment on the verdict; (2) order a new trial; or (3) award judgment to the moving party as a matter of law. Fed. R. Civ. P. 50(b). The standard of review is narrow: the court's sole objective is to determine whether, "under the governing law, there can be but one reasonable conclusion as to the verdict." *Winarto v. Toshiba Am. Elec. Components, Inc.*, 274 F.3d 1276, 1283 (9th Cir. 2001). The court must construe the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the non-moving party. *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002); *Winarto*, 274 F.3d at 1283. The court must also refrain from weighing the evidence and making credibility determinations. *Winarto*, 274 F.3d at 1283; *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2007). In sum, a Rule 50(b) motion may only be granted when the evidence "permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Pavao*, 307 F.3d at 918.

Motions for a new trial are governed by Federal Rule of Civil Procedure 59. Under Rule 59, a court may grant a new trial "only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 510 n. 15 (9th Cir. 2000). When ruling on a Rule 59 motion, the court must "weigh the evidence as [the court] saw it" and determine whether the jury's verdict is "contrary to the clear weight of the evidence." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quotation and citation omitted). The court may not, however, grant a new trial "simply because it would have arrived at a different verdict." *Silver Stage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001).

Plaintiff has advanced two arguments in support of his post-trial motions. First, Plaintiff contends that he is entitled to judgment as a matter of law because Defendant "failed to introduce evidence of the reason for [his] termination." ECF No. 158 at 4. The crux of this argument is that Defendant failed to establish that its legitimate, non-discriminatory reason for terminating Plaintiff's employment was credible. Because Defendant's "final decision maker" never testified, Plaintiff asserts, it is "unknown and unknowable" whether he was terminated because he reported the racist email in the first instance or because he reported it "down the chain" to a subordinate employee. ECF No. 158 at 4-5.

ORDER DENYING PLAINTIFF'S POST-TRIAL MOTIONS ~ 3

This argument fails for the simple reason that Plaintiff, rather than Defendant, had the ultimate burden of proof at trial. Assuming *arguendo* that *McDonnell Douglas* actually applies,[1] Defendant was not required to convince the jury that Plaintiff was, in fact, terminated for a non-discriminatory reason. Instead, Defendant's burden was simply to produce a legitimate, non-discriminatory reason for the challenged employment action. Defendant easily satisfied this requirement through the trial testimony of Kenneth Andriessen, who testified that the company president, Dr. Stephen Younger, accepted the recommendation of the Disciplinary Action Review Board ("DARB") that Plaintiff be terminated for reporting the email outside the chain of command. Andriessen Dep., ECF No. 158-1, at Tr. 86-87. The fact that Defendant never called Dr. Younger as a witness is immaterial; Mr. Andriessen's unequivocal testimony on the subject was plainly sufficient to satisfy Defendant's burden of production. At that point, the *McDonnell Douglas* burden shifting framework, along with its corresponding presumptions, dropped from the case. *Sanghvi v. City of Claremont*, 328 F.3d 532, 537 (9th Cir. 2003).

---

[1] Plaintiff unequivocally disclaimed reliance upon the *McDonnell Douglas* burden shifting framework at summary judgment, and he made no mention of burden shifting at trial. Thus, there is reason to question whether Plaintiff may invoke the presumption of retaliation arising under *McDonnell Douglas* at this late stage.

At bottom, Defendant was never required to "prove" that Plaintiff was, in fact, terminated for the reasons recommended by the DARB.

Plaintiff's second argument is that there is insufficient evidence to support the jury's findings that (1) he was not engaged in protected activity; and (2) his protected activity was not a motivating factor in Defendant's decision to terminate his employment. *See* ECF No. 158 at 10 ("There exists no evidence in the record to support a rational conclusion that Plaintiff did not have a reasonable belief that he was engaged in protected activity."); ECF No. 161 at 8 ("There is no shadow of any doubt that Plaintiff's report of the racist email was a motivating factor (a cause) in the recommendation to take adverse action.").

While styled as challenges to the sufficiency of the evidence presented at trial, these arguments are actually a reprise of Plaintiff's unsuccessful arguments on summary judgment. With respect to protected activity, Plaintiff argues, once again, that he reasonably believed that he was opposing an unlawful employment practice. As the Court previously indicated in denying Plaintiff's motion for summary judgment and motion for reconsideration, whether Plaintiff held an objectively and subjectively reasonable belief that he was opposing an unlawful employment practice was a question of fact to be resolved by the jury. ECF No. 101 at 11-13; ECF No. 119 at 3-4.

ORDER DENYING PLAINTIFF'S POST-TRIAL MOTIONS ~ 5

At the close of the evidence, the Court issued the following instruction, which was taken verbatim from Plaintiff's Proposed Instruction No. 10:

> Even if the racial conduct about which Plaintiff complained was not illegal, he was still engaged in protected activity if he had an objective and reasonable belief that it was illegal. In making the assessment about whether Plaintiff had an objective and reasonable belief that the conduct was illegal, due allowance must be made for the limited knowledge possessed by most employees about the factual and legal bases of the law. Plaintiff was engaging in protected activity if he made a reasonable mistake about the facts or the law.

ECF No. 149, Instruction No. 10. The jury presumably resolved this issue in Defendant's favor,[2] finding that Plaintiff had failed to prove by a preponderance of the evidence that "he was retaliated against for opposing an unlawful employment practice which he reasonably believed constituted unlawful discrimination on the

---

[2] The verdict form did not ask the jury to make specific findings as to each element of Plaintiff's retaliation claims. *See* ECF No. 151 at 1-2. Plaintiff did not propose separate questions as to each element, *see* ECF No. 124 at 20-21, and expressly objected to Defendant's proposal that separate questions be asked. *See* ECF No. 127 at 7 ("The Defendant has [proposed a verdict form with] separate questions for protected activity and substantial/motivating factor. This should be a single question."). Given that Plaintiff expressly declined to request separate findings on the individual elements of his claims, Court will assume that the jury found against Plaintiff on each element.

ORDER DENYING PLAINTIFF'S POST-TRIAL MOTIONS ~ 6

basis of race" in violation of 42 U.S.C. § 1981 and the WLAD.  ECF No. 151 at 1-2.  Contrary to Plaintiff's assertions, this finding was supported by the evidence presented at trial.  Plaintiff explained his reasons for reporting the racist email to the jury during his case-in-chief.  The jury apparently concluded that Plaintiff's stated reasons were not credible.  Plaintiff is not entitled to judgment as a matter of law on this issue.

With regard to causation, Plaintiff has simply re-argued his position on summary judgment:

> As stated repeatedly throughout the course of this litigation, this case is unique because the report of the racist email is inextricably tied to the recommended reason for termination, *i.e.*, that he reported the email outside the chain of command or that he had an ulterior motive for reporting it.  The only defense in such circumstances (variously stated) was that the manner [of] Plaintiff's opposition conduct was so disruptive that it interfered with the efficient and harmonious operation of the Defendant's business.  That affirmative defense was never pled by the Defendant and [was] never decided by the jury.

ECF No. 161 at 8-9.

This argument fares no better than it did on summary judgment.  As the Court indicated in denying Plaintiff's motion for summary judgment, the issue of causation boiled down to whether Plaintiff was terminated (1) for reporting the racist email in the first instance; or (2) for going out-of-process by reporting it "down the chain" to a subordinate rather than "up the chain" to a superior or to Defendant's human resources department.  ECF No. 101 at 13-14.  On summary

ORDER DENYING PLAINTIFF'S POST-TRIAL MOTIONS ~ 7

judgment and at trial, Defendant came forward with evidence that it would not have terminated Plaintiff—or taken any adverse employment action against him whatsoever—had he simply reported the email in accordance with Defendant's reporting policy. This evidence tended to establish that Plaintiff's reporting of the email in the first instance (as opposed to the manner in which he reported it) was neither a "motivating factor" (§ 1981)[3] nor a "substantial factor" (WLAD) in Defendant's decision to terminate his employment.

Contrary to Plaintiff's assertions, the so-called "significant workplace disruption" defense first articulated in *Hochstadt v. Worcester Found. For Experimental Biology*, 545 F.2d 222 (1st Cir. 1976) was not the "only defense" available to Defendant on the facts of this case. As a matter of common sense, the disruptiveness of an employee's protected activity only becomes relevant once the

---

[3] Whether the "motivating factor" standard continues to apply in mixed-motive race retaliation cases under § 1981 following the Supreme Court's decision in *Univ. of Texas Sw. Med. Ctr. v. Nassar*, --- U.S. ---, 133 S. Ct. 2517 (2013), decided ten days after the jury returned its verdict, remains an open question. Given that the "motivating factor" standard on which the jury was instructed was more favorable to Plaintiff than the "but for" standard set forth in *Nassar*, however, the Court need not decide this issue.

ORDER DENYING PLAINTIFF'S POST-TRIAL MOTIONS ~ 8

jury finds that the employee actually *engaged* in protected activity. As noted above, the jury in this case presumably found that Plaintiff did not engage in protected opposition activity because he lacked an objectively and subjectively reasonable belief that he was opposing a racially discriminatory employment practice. Thus, the jury had no occasion to decide whether that opposition activity "unreasonably interfered with Defendant's interest in maintaining a harmonious and efficient business operation." ECF No. 151 at 2. For these reasons, Plaintiff's motion for judgment as a matter of law is denied.

     Plaintiff's alternative request for a new trial is also denied, as the jury's verdict is not against the clear weight of the evidence. In the Court's view, the evidence presented at trial required the jury to make two rather straightforward credibility determinations: (1) whether Plaintiff genuinely believed that he was opposing a racially discriminatory employment practice when he reported the racist email; and (2) whether the *fact* of reporting—as distinguished from the *manner* of reporting—played a role in Defendant's decision to terminate Plaintiff's employment. The clear weight of the evidence supports findings in Defendant's favor on both issues. The jury was clearly disturbed that Plaintiff chose to "report" the racist email to a black employee with a history of filing race discrimination complaints against the sender rather than simply walking across the parking lot and informing a member of Defendant's human resources department. Moreover, the

evidence gave the jury no reason to question Defendant's explanation that Plaintiff was fired for deliberately violating its reporting policy. To the contrary, the evidence established that Defendant's purported loss of trust in Plaintiff's management abilities was well-founded. Thus, the Court concludes that Plaintiff is not entitled to a new trial.

**IT IS HEREBY ORDERED:**

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** September 18, 2013.

*[signature]*
THOMAS O. RICE
United States District Judge